
FILED

August 9, 2016

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 8:48 AM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | | |
|---|---|---|
| **Earl D. Willis,** | ) | **Docket No. 30458-2016** |
| **Employee,** | ) | |
| **v.** | ) | **State File No. 2016-06-0702** |
| | ) | |
| **Express Towing,** | ) | **Judge Joshua Davis Baker** |
| **Uninsured Employer.** | ) | |

## EXPEDITED HEARING ORDER FOR TEMPORARY DISABILITY
## AND MEDICAL BENEFITS

This matter came before the Court on July 19, 2016, on the Request for Expedited Hearing filed by the employee, Earl D. Willis, pursuant to Tennessee Code Annotated section 50-6-239 (2015). The present focus of this case is Mr. Willis' entitlement to temporary disability and medical benefits. The central legal issue is his likelihood of success in proving he suffered an injury in the course and scope of his employment that completely prevented him from working while he healed. The employer, Express Towing, did not attend the hearing. The Dispute Certification Notice (DCN) filed by the mediator raised the issues of compensability, past and ongoing medical and temporary disability benefits, and permanent disability benefits.

For the reasons set forth below, the Court finds Mr. Willis would likely succeed at a hearing on the merits in proving his injury occurred in the course and scope of his employment. The Court also finds Mr. Willis' injury prevents him from working and, therefore, holds Express Towing must provide Mr. Willis reasonable and necessary medical care for treatment of his injury and temporary disability benefits for the period he is unable to work.[1]

## Claim History

Mr. Willis is a resident of Nashville, Tennessee, who worked for Express Towing as a tow truck driver. At the hearing, Mr. Willis testified at the time of his injury Express

---

[1] A complete listing of the technical record and exhibits admitted at the Expedited Hearing is attached to this Order as an appendix.

Towing employed him for three weeks and paid him an average of $750.00 per week. His job required him to be on-call twenty-four hours per day, six days per week. On March 18, 2016, around one o'clock in the morning, Mr. Willis received a call from Express Towing's dispatcher to retrieve a disabled vehicle. After completing his work, he returned home in Express Towing's tow truck, which he routinely kept at his residence when he was on call. While getting out of the truck, Mr. Willis' left foot caught on the truck's step and, as he fell to the ground, his foot and leg twisted and broke his ankle in two places.

Mr. Willis' wife drove him to St. Thomas West Hospital where Dr. Christian N. Anderson diagnosed upper and lower end left fibula fractures. He underwent surgery on March 25, 2016, and Dr. Anderson took Mr. Willis completely off work "until further notice due to his recent injury." Mr. Willis continued sporadic follow-up care with Dr. Anderson at Tennessee Orthopaedic Alliance. (Ex. 1.)

Mr. Willis testified that Express Towing employed approximately ten people. He testified Mike Copeland is the owner of Express Towing in Nashville, but believes the business operates in someone else's name. Mr. Willis called Mr. Copeland and reported the injury the same day it happened. Mr. Willis stated Mr. Copeland asked him not to officially report the injury and he would "take care of it." Two days later, Mr. Copeland stopped communicating with Mr. Willis. Mr. Willis has not worked since the accident and Express Towing paid none of his medical bills. He further testified Express Towing does not have workers' compensation insurance.

Express Towing offered no testimony, as no representative of the company attended the expedited hearing. The clerk's file showed a copy of the notice setting the expedited hearing was sent to Express Towing via certified mail. Express Towing accepted the copy of the notice.

**Findings of Fact and Conclusions of Law**

In order to grant the relief Mr. Willis seeks, the Court must apply the following legal principles. Mr. Willis bears the burden of proof on all prima facie elements of his workers' compensation claim. Tenn. Code Ann. § 50-6-239(c)(6) (2015); *see also Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *5 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015). He need not prove every element of his claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7- 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited hearing, Mr. Willis has the burden to come forward with sufficient evidence from which this Court can determine he is likely to prevail at a hearing on the merits. *Id*. As further explained below, the Court finds Mr. Willis carried his burden of proof and is therefore entitled to medical and temporary disability benefits

for his workplace injury.

**I.    Mr. Willis carried his burden of proving a likelihood of success at a hearing on the merits and is entitled to medical treatment.**

The Workers' Compensation Law defines an "injury" as "an injury by accident . . . arising primarily out of and in the course and scope of employment, that causes . . . the need for medical treatment." Tenn. Code Ann. § 50-6-102(14) (2015). Further, an injury is "accidental" only if the injury is caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment. Tenn. Code Ann. § 50-6-102(14)(A) (2015). Arising out of employment refers to causation. *Reeser v. Yellow Freight Sys., Inc.*, 938 S.W.2d 690, 692 (Tenn. 1997). An injury arises out of employment when there is a causal connection between the conditions under which the work is required to be performed and the resulting injury. *Fritts v. Safety Nat'l Cas. Corp.*, 163 S.W.3d 673, 678 (Tenn. 2005). "An injury occurs in the course of employment if 'it takes place within the period of the employment, at a place where the employee reasonably may be, and while the employee is fulfilling work duties or engaged in doing something incidental thereto.'" *Hubble v. Dyer Nursing Home*, 188 S.W.3d 525, 534 (Tenn. 2006) (citing *Blankenship v. Am. Ordnance Sys., LLC*, 164 S.W.3d 350, 354 (Tenn. 2005)).

Here, Mr. Willis credibly testified he stepped out of Express Towing's vehicle, caught his left foot on the step-down of the truck, resulting in two fractures to his ankle. No Express Towing representative appeared at the hearing to contradict Mr. Willis' testimony regarding his injury, which the medical records support. The Court finds Mr. Willis' testimony and the medical records sufficient to demonstrate he would likely succeed at a hearing on the merits in proving he suffered an injury arising primarily out of and in the course and scope of his employment for Express Towing.

Turning to the requested relief, the Court holds that under Tennessee Code Annotated section 50-6-204(a)(1)(A) (2015) Express Towing must provide Mr. Willis past and continuing reasonable and necessary medical treatment with Dr. Anderson, whom the Court appoints as the authorized treating physician. The Court finds treatment with Dr. Anderson appropriate because Express Towing failed to provide Mr. Willis medical care, thereby requiring him to seek treatment on his own. *See Young v. Young Electric*, No. 2015-06-0860, 2016 TN Wrk. Comp. App. Bd. LEXIS 24 Tenn. Workers' Comp. App. Bd. May 25, 2016).

**II.    Mr. Willis carried his burden of proving a likelihood of success at a hearing on the merits and is entitled to past and ongoing temporary disability benefits.**

Mr. Willis additionally seeks temporary disability benefits. In *Jones v. Crencor*, No. 2015-06-0332, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Tenn. Workers'

Comp. App. Bd. Dec. 11, 2015), the Appeals Board held:

> An injured worker is eligible for temporary disability benefits if: (1) the worker became disabled from working due to a compensable injury; (2) there is a causal connection between the injury and the inability to work; and (3) the worker established the duration of the period of disability. *Simpson v. Satterfield*, 564 S.W.2d 953, 955 (Tenn. 1978).

Here, Mr. Willis submitted a letter from his surgeon, Dr. Anderson. The letter, dated April 4, 2016, stated, "Earl Willis is currently under my medical care. Please excuse him from work until further notice due to his recent injury." Dr. Anderson recommended physical therapy and a boot for weight bearing as tolerated with instructions to return in four weeks to transition into a lace-up ankle brace. Nothing in this medical record indicated Mr. Willis reached maximum medical improvement or returned to work without restrictions.

Based on these facts, the Court finds Mr. Willis carried his burden of proving he would likely succeed at a hearing on the merits on the issue of temporary total disability benefits. The Court holds Express Towing must pay Mr. Willis accrued temporary total disability benefits for the period March 18, 2016, to August 2, 2016, at his compensation rate of $500.03 per week, equaling $9,857.14. The Court further holds Express Towing must continue these temporary disability payments until Mr. Willis is no longer eligible to receive them.

**III.** Mr. Willis is eligible to apply for benefits pursuant to Tennessee Code Annotated section 50-6-801 *et seq*.

Although this Court holds Express Towing must provide Mr. Willis temporary disability and medical benefits, it is unclear whether payment will be forthcoming, as Express Towing did not have workers' compensation insurance at the time of the accident. Under Tennessee Code Annotated section 50-6-802(e)(1) (2015), however, the Bureau has discretion to pay limited temporary disability and medical benefits to employees who have established medical causation of their injury and meet the following criteria:

(1) The employee worked for an employer who failed to carry workers' compensation insurance;

(2) The employee suffered an injury primarily arising in the course and scope of employment after July 1, 2015;

(3) The employee was a Tennessee resident on the date of the injury; and

4

(4) The employee provided notice to the Bureau of the injury and the employer's failure to provide workers' compensation insurance no more than sixty days after the injury occurred.

Tenn. Code Ann. § 50-6-801(d)(1)-(4) (2015).

Here, Mr. Willis established that he broke his leg while stepping from a tow truck and underwent surgery to repair the condition. His unrefuted testimony and the medical records are sufficient to establish that a work-related incident occurred and that the incident resulted in him suffering a broken leg. Accordingly, the Court finds Mr. Willis is likely to prevail at a hearing on the merits in proving he suffered a compensable work-related injury.

Concerning the remaining criteria, the Court finds Mr. Willis successfully established the criteria through his testimony. Mr. Willis testified that Express Towing employed more than five persons yet failed to provide workers' compensation insurance for its employees. Mr. Willis stated he suffered an injury on March 18, 2016, so his injury meets the requirement of the second criterion. Mr. Willis resided in Tennessee at the time of his injury. Finally, Mr. Willis filed a Petition for Benefit Determination on April 22, 2016, stating he suffered an injury on March 18, 2016, and that Express Towing had no workers' compensation insurance. The Court, therefore, holds Mr. Willis meets all the criteria to qualify as an eligible employee under Tennessee Code Annotated section 50-6-801 *et seq*.

**IT IS, THEREFORE, ORDERED** as follows:

1. Medical care for Mr. Willis' injuries, including services already received, shall be paid and Dr. Christian N. Anderson shall serve as the authorized treating physician. Medical bills for Mr. Willis' past and ongoing care shall be furnished to Express Towing by Mr. Willis or the medical providers.

2. Mr. Willis is entitled to receive temporary disability benefits from March 18, 2016, until August 2, 2016, in the amount of $9,857.14, and going forward at a compensation rate of $500.03 per week until the time he reaches maximum medical improvement or is no longer entitled to temporary disability benefits according to workers' compensation law.

3. This matter is set for an initial hearing on September 12, 2016, at 9:30 a.m. (CDT).

4. Mr. Willis is eligible to receive temporary disability and medical benefits from the Uninsured Employer's Fund pursuant to Tennessee Code Annotated section 50-6-801 *et seq.* The clerk shall forward a copy of this order to the Administrator for consideration of payment.

5. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2015). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.

6. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471.

**ENTERED THIS THE 9TH DAY OF AUGUST, 2016.**

_____

**Judge Joshua Davis Baker**
**Court of Workers' Compensation Claims**

6

Initial Hearing:

An Initial (Scheduling) Hearing has been set for **September 12, 2016, at 9:30 a.m. (CDT) with Judge Joshua Davis Baker, Court of Workers' Compensation Claims. You must call 615-741-2113 or toll free at 855-874-0474 to participate in the Initial Hearing.**

**Please Note: <u>You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Central Time (CT).</u>**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk within seven business days of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a filing fee in the amount of $75.000. Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **<u>Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.</u>**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing

7

Notice of Appeal.  The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof.  A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement.  All position statements pertaining to an appeal of an interlocutory order should include:  (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

**APPENDIX**

Exhibits:

1. Medical Records of Earl D. Willis
2. Affidavit of Earl D. Willis

Technical record:[2]

1. REH filed June 30, 2016
2. DCN filed May 18, 2016
3. PBD filed April 2, 2016

---

[2] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing.  The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent to the following recipients by the following methods of service on this the 9th day of August 2016.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|------|------|------|------|------|------|------|
| Earl D. Willis | X | | | | | 514 Scholarship Drive Nashville, TN 37209 |
| Express Towing | X | | | | | 625 Cornelia Court Nashville, TN 37217 |

_____
Penny Shrum, Court Clerk
Wc.courtclerk@tn.gov